UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| KEVIN PLANKER, | : | Civil Action No. 3:13-cv-4464 |
| | : | BRM-DEA |
| Plaintiff, | : | |
| | : | MEMORANDUM OPINION |
| v. | : | AND ORDER |
| | : | |
| CHRIS CHRISTIE, et al., | : | |
| | : | |
| Defendants. | : | |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court on a motion filed by *pro se* Plaintiff Kevin Planker ("Planker") to Compel Defendants to Produce Certain Documents. ECF No. 108. Defendants Dave Hoffman and Jim Barnes oppose the Motion. ECF No. 109. Upon reviewing the papers submitted by the Parties and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below Plaintiff's Motion is **DENIED**.

I. **Background**

Because the Court writes only for the parties, it recites only those facts and the procedural history necessary to its disposition. Plaintiff, a prisoner at New Jersey State Prison, filed his Complaint on July 22, 2013, naming twelve defendants and alleging myriad claims relating to his confinement. ECF No. 1. Upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), U.S. District Judge Michael A. Shipp dismissed with prejudice a number of Plaintiff's claims and dismissed without prejudice claims against four supervisor defendants, as well as claims asserting denial of access to the courts, denial of religious exercise, denial of medical care, denial of an adequate religious diet, and miscellaneous claims regarding his conditions of confinement.

*See* Judge Shipp's Order, dated January 20, 2015, at ECF No. 4. Pursuant to that Order, only the claims against Defendants Barnes and Hoffman remain. Id.

In March 2018, Plaintiff filed a Motion to Produce Documents and Amend the Complaint. ECF No. 88. Plaintiff contended Defendants failed to provide complete medical records in discovery. ECF No. 95 at p.4. More specifically, Plaintiff contended that medical records provided in discovery did not include documents by which Plaintiff had registered medical complaints to the prison medical authorities. Id. In denying that Motion, this Court concluded that the Motion to Produce was untimely, having been filed well after a discovery period that ultimately spanned 504 days had expired. Id. at pp.4-5.

In December 2018, Plaintiff filed a Motion to Compel and Continue. ECF No. 102. There, Plaintiff sought to compel Defendants to provide Plaintiff with a copy of the transcript of Plaintiff's June 2017 deposition. Id. at p.2. This Court terminated that Motion as moot on the basis of a letter dated January 3, 2019 from Defendants stating that a copy of the transcript had been sent to Plaintiff by mail. ECF. Nos. 103, 104.

In this latest Motion to Compel, Plaintiff seeks "defense and/or the Department of Corrections to be compelled to provide the full remedy/grievance/inquiry record filed by [Plaintiff], for the Court to have all clarifying documents and information provided, and for the Clerk to enter the attached original physical evidence into the record." ECF No 108. Defendants oppose the Motion. ECF No. 110.

II. **Legal Standard**

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "the court may order discovery of any matter relevant to the subject matter involved in the action." *See also* Pearson v.

Miller, 211 F.3d 57, 65 (3d Cir. 2000). At the same time, the Federal Rules provide that the Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(C).

Indeed, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be discovered as possible...while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." Schmulovich v. 1161 Rt. 9 LLC, Civ. No. 07–597, 2007 WL 2362598, at *1 (D.N.J. August 15, 2007); *see also* Pearson, 211 F.3d at 65.

Also, pursuant to Rule 37(a), a party may file a motion to compel discovery where his or her adversary fails to adequately respond to a discovery request; nevertheless, it is ultimately within the discretion of the Court to grant a motion to compel disclosure for good cause shown. Fed. R. Civ. P. 37(a); In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661 (3d Cir. 2003).

**III.    Analysis**

Plaintiff contends he has not been provided a complete record of all of Plaintiff's so-called remedy/grievance forms he sought in discovery, meaning documents through which Plaintiff registered complaints to prison authorities. Plaintiff contends he was told at a June 2017 deposition that "Defense counsel claimed that he had 'requested that the prison administration look for grievances related to [Plaintiff's] claims from 2011 until the present' and that all [Defense counsel] got was a list" of 10 entries. *See* Planker 4-4-2019 Affidavit at ¶6. Plaintiff

says he testified there that from 2011-14 "I filed a lot more than" 10 remedy/grievance forms. Id. at ¶5. Plaintiff submits what he contends are remedy/grievance forms he filed through the prison's kiosk system to "directly contradict[]" Defense counsel's claim that there were only 10 entries in the prison's records. Id. at ¶9, Exhibit A. Plaintiff further states that forms he submitted as Exhibit B "again prove that the document presented by the defense during the deposition" fails to include many documents, such as applications for "ex-offender visits with my father and brother." Id. at ¶11, Exhibit B. Finally, Plaintiff submitted forms in Exhibit C he contends show that prison authorities failed to process a number of other grievances he had submitted prior to the June 2017 deposition. Id. at ¶12. Plaintiff requests that the Court "consider that the 90 days of an extension granted to defense allows…time for these records to be provided. Id. at ¶15.

Defendants contend the Court must follow the precedent of its September 2018 Memorandum and Order denying a similar Motion to Compel through which Plaintiff had contended that Defendants and the State failed to produce the complete record of Plaintiff's medical complaints to prison medical authorities. ECF No. 108 at p.1. The Court denied that Motion as untimely, being filed more than three months after the December 2017 end of discovery. ECF No. 95. Defense counsel contends the instant motion, "filed approximately 16 months after the close of discovery—must also be denied." ECF No. 108 at p.1.

Defense Counsel further contends that Plaintiff's request regarding the 90-day extension fundamentally misunderstands the reasoning for Defendants' request for that extension, namely "time to investigate [Plaintiff's] apparent fraud on the court in his opposition to the Defense's pending summary judgment motion." Id. Discovery, counsel states, "has not been reopened, and [Plaintiff] has no right to seek documents from the Defense well outside the close of discovery."

Id. Opposition to this Motion is limited to the procedural argument referenced above, though "the Defense is prepared to brief the merits of the Motion." Id. at p.2.

As in this Court's decision on Plaintiff's prior Motion to Compel, the Court need not rule on the issue of whether the records provided to Plaintiff were the complete records. That is because Plaintiff's Motion again fails the second prong of the Pearson test. Plaintiff's Complaint was filed on July 22, 2013 and, after five extensions of discovery to December 11, 2017, *see* ECF Nos. 51, 57,67,74 and 77, this Court's Scheduling Order required that all "[o]utstanding discovery disputes must be resolved by appropriate motion returnable before" the discovery end date. ECF No. 32 (*citing* Local Civil Rules 7.1., 37.1, 56.1., 78.1 (motions) & 26.1 (discovery)). Plaintiff filed the instant motion in April 2019, or nearly one-and-a-half years out of time. Plaintiff does not explain this delay, nor does Plaintiff explain why Plaintiff was aware of this issue at the June 2017 deposition but waited until April 2019 to bring this discovery dispute to the Court's attention.

Pearson stands in part for the proposition that discovery ought to be limited when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The Court here repeats its conclusion from its prior Memorandum and Order:

"The period for discovery here ran from the July 25, 2016 Scheduling Order through December 11, 2017, or 504 days. Clearly Plaintiff had ample time during that span to seek resolution of any discovery dispute. Indeed, while the discovery period was open Plaintiff by letter dated May 24, 2017 sought this Court's intervention in a discovery dispute. ECF No. 71. Thus, the Court concludes that Plaintiff was aware of the mechanism for seeking the Court's aid in resolving discovery disputes. Still, Plaintiff failed to do so regarding the instant dispute…until after the discovery period expired."

Accordingly, for the reasons stated above,

IT IS on this 8th day of May 2019,

**ORDERED** that Plaintiff's Motion to Compel discovery [ECF No. 108] is **DENIED**; and it is

**FURTHER ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum and Order on Plaintiff by first-class mail.

s/ Douglas E. Arpert

DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE